## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. 4:24-CR- |
| v. | § | 00141-SDJ-AGD |
| | § | |
| THOMAS AQUINAS VANDENOEVER | § | |

## REPORT AND RECCOMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the court is Defendant Thomas Aquinas Vandeneover's Motion to Suppress Evidence (Dkt. #31). After considering the Motion (Dkt. #31), the Government's Response (Dkt. #38), and all other relevant filings, the court recommends that Defendant's Motion (Dkt. #31) be denied.

## BACKGROUND

In May 2024, investigators with the United States Secret Service ("Secret Service") received a referral from the Queensland, Australia Police Service ("QPS") (Dkt. #2 at p. 2, Sealed; Dkt. #38 at p. 1). The QPC investigators had observed a series of images depicting the sexual abuse of a child on the dark web (Dkt. #2 at p. 2, Sealed; Dkt. #38 at p. 1). International law enforcement believed the child to be located in the United States and sought the Secret Service's assistance in identifying the child (Dkt. #38 at p. 1). The Secret Service then conducted an investigation to identify the user who posted the files (*see* Dkt. #2 Sealed; Dkt. #38 at p. 1). The investigation led the Secret Service to Defendant's residence in Murphy, Texas (Dkt. #38 at p. 2).

Special Agent Keith Polozola applied for a search warrant for Defendant's residence, asserting probable cause that Defendant violated 18 U.S.C. § 2251(a) (sexual exploitation of children) and 18 U.S.C. § 2251A(a)(1) (transportation of child pornography; aiding and abetting) (Dkt. #38 at p. 2). The undersigned issued the search warrant on June 6, 2024 (Dkt. #2, 4:24-mj-

00400-AGD-1, Sealed; Dkt. #38 at p. 2). Agents served the search warrant the next day and seized

tangible items that were related to the investigation (Dkt. #3, 4:24-mj-00400-AGD-1, Sealed; Dkt.

#38 at p. 2).

During the search, Defendant voluntarily accompanied agents to the Murphy Police

Department. The Government alleges that, once at the police station, Defendant "joked and

chatted" with the agents for nearly 20 minutes (Dkt. #38 at p. 2). The agents then advised

Defendant of his *Miranda* rights, after which he acknowledged his understanding and agreed to

continue speaking to the agents (Dkt. #38 at pp. 2–3). The Government further alleges that

Defendant provided some information regarding his usernames and online activities, but told the

agents that they had "crossed the line" when they inquired about the relevant conduct (Dkt. #38 at

p. 3). The agents then ceased questioning and returned to Defendant's residence with Defendant

(Dkt. #38 at p. 3). Defendant was permitted to move freely until the conclusion of the search,

approximately two hours later, when Defendant was placed under arrest (Dkt. #38 at p. 3).

The same day, on June 7, 2025, the undersigned issued a Complaint charging Defendant

with offenses under 18 U.S.C. §§ 2251(a) & (e) (Sexual Exploitation of Children a/k/a Production

of Child Pornography) (Dkt. #1, Sealed) and an arrest warrant (Dkt. #4, Sealed; Dkt. #38 at p. 4).

On March 3, 2025, Defendant filed the Motion to Suppress (Dkt. #31), which is presently

before the court. Defendant moves to suppress the following evidence:

    a.  All statements made, whether written or oral, and such other actions of this defendant, which occurred at or subsequent to his arrest and incarceration in this matter;

    b.  All books, letters, notes, records, documents and other tangible things that were seized from [Defendant's] residence at 401 Ponderosa Trail, Murphy, Texas;

    c.  Any and all documents, books, records, notes or other tangible things that were seized from the Defendant's motor vehicle on or about the date of the Defendant's arrest in this matter;

    d.  The testimony of any law enforcement officers, agents and all other persons working in connection with such officers and agents, and all persons present at

> or near the location of the arrest of the Defendant] in regard to any statements or evidence acquired or objects seized as set forth in paragraphs a, b and c above.

(Dkt. #31 at pp. 1–2). On March 19, 2025, the Government filed a Response (Dkt. #38), arguing that Defendant's "bare bones motion provides no facts, nor does it specify the basis for the alleged violations of [Defendant's] Constitutional rights. Moreover, [Defendant's] Motion requests relief that is inapplicable to the facts of the pending case and alleges conduct that did not happen." (Dkt. #38 at p. 3). The Government also argues that, to the extent that it is able to determine the nature of Defendant's allegations, Defendant's constitutional rights were not violated (Dkt. #38 at pp. 3–8).

## LEGAL STANDARDS

The Fourth Amendment protects individuals "against unreasonable searches and seizures." U.S. CONST. AMEND. IV. "Searches are generally considered to be unreasonable unless they are accompanied by a warrant and probable cause. *Id.*; *U.S. v. Overton*, No. 3:19-CR-444-L, 2020 WL 4697942, at *3 (N.D. Tex. Aug. 12, 2020) (citations omitted). To be reasonable, "[t]he Fourth Amendment 'requires that a warrant particularly describ[e] the place to be searched and the persons or things to be seized.'" *U.S. v. Holmes*, No. CR 23-229, 2025 WL 306368, at *2 (E.D. La. Jan. 27, 2025) (quoting *U.S. v. Perez*, 484 F.3d 735, 741 (5th Cir. 2007)).

The Fifth Amendment protects an individual's right to be free from compelled self-incrimination. Thus, at trial, the Government may use only confessions that are voluntarily made. 18 U.S.C. § 3501(a); *Malloy v. Hogan*, 378 U.S. 1, 7 (1964). To protect this right, the Government may not use statements obtained during a custodial interrogation of an accused unless the Government first advises the accused of his right to remain silent and right to counsel. *Miranda v. Arizona*, 384 U.S. 436, 473 (1966). The requirement to administer *Miranda* rights only arises if the accused is "in custody or otherwise deprived of his freedom of action in any significant way."

*Id.* at 444; *Stansbury v. Cal.*, 511 U.S. 318, 322 (1994) (citation omitted). "[T]he term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980).

The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right…to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. The Sixth Amendment right to counsel attaches upon the initiation of adversarial judicial criminal proceedings. *Kirby v. Ill.*, 406 U.S. 682, 688 (1972); *U.S. v. Wade*, 388 U.S. 218, 237 (1967). Once the right attaches, the accused has the "right to have the assistance of counsel at his post-indictment interviews with law enforcement authorities." *Patterson v. Ill.*, 487 U.S. 285, 290 (1988).

Persons under custodial interrogation may waive their Fifth and Sixth Amendment rights if they do so knowingly, voluntarily, and intelligently; only then may subsequent statements be admitted at trial. *Miranda*, 384 U.S. at 444; *see Missouri v. Seibert*, 542 U.S. 600, 608–9 (2004). For a waiver to be voluntary, it must "be the product of a free and deliberate choice rather than intimidation, coercion, or deception." *U.S. v. Cardenas*, 410 F.3d 287, 293 (5th Cir. 2005) (citations omitted). Additionally, "the waiver must have been made with an awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Id.* The determination of voluntariness is based on a totality of the circumstances and made on a case-by-case basis. *Id.* To prove a valid waiver, the Government must show by a preponderance of evidence that the waiver of the defendant's rights was voluntary, the defendant was fully aware that the right was being waived, and the consequences of waiving that right. *Miranda*, 384 U.S. at 475; *Seibert*, 542 U.S. at 609, n.1 (citations omitted).

## ANALYSIS

At the outset, the court finds that Defendant is not entitled to a hearing on his Motion (Dkt. #31). "Evidentiary hearings are not granted as a matter of course, but are held only when the defendant alleges sufficient facts which, if proven, would justify relief." *U.S. v. Rogers*, 481 F. App'x 157, 158 (5th Cir. 2012) (citation omitted). "The court must determine whether the allegations set forth in the defendant's motion, including any accompanying affidavits, are sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." *Id.* at 158–59 (internal quotation marks and citations omitted). "If so, a hearing is required." *Id.* at 159 (citations omitted). For example, in *Rogers*, the Fifth Circuit explained that

> Rogers submitted photographic evidence showing that the two adjacent properties had their different street addresses posted in plain sight. Rogers also submitted a copy of his signed statement (witnessed by two police officers) that his truck was parked on the adjacent property not listed in the warrant. Rogers has made "sufficiently definite" allegations to demonstrate that he has a substantial claim that the truck was not parked on the property as set forth in the warrant.

*Id.* Conversely, here, Defendant's Motion is devoid of factual allegations, affidavits, or other evidence demonstrating that he has a "substantial claim" that his constitutional rights were violated. Moreover, Defendant did not file a Reply to the Government's Response, in which the Government argued, *inter alia*, that the Motion should be denied because Defendant "provides no facts" and does not "specify the basis for the alleged violations of his Constitutional rights." (Dkt. #38 at p. 3). As such, the court finds that Defendant is not entitled to a hearing on his Motion. And having considered the Motion (Dkt. #31), the Government's Response (Dkt. #38), and all other relevant filings, the court recommends that Defendant's Motion (Dkt. #31) be denied.

Defendant first argues that his arrest violated his rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution (Dkt. #31 at p. 2). However, the court

5

agrees with the Government that 1) the agents entered and searched Defendant's residence pursuant to a valid search warrant, 2) at the conclusion of the search, the agents determined that they had probable cause to arrest Defendant, and 3) the undersigned issued a Complaint and an arrest warrant the same day agents arrested Defendant. *See Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012) ("Judicial determinations of probable cause within 48 hours of arrest . . . [are] presumptively reasonable and the burden of showing otherwise falls to the person arrested.") (citations omitted). Moreover, Plaintiff provides only inapposite caselaw to support his position and thus has not carried his burden to show that the probable cause determination was unreasonable. *Id.* Accordingly, Defendant's arrest did not violate his constitutional rights.

Defendant also argues that "the search of the Defendant's automobile was without a warrant and without probable cause and any consent to search was not voluntary." (Dkt. #31 at p. 3). However, the search warrant included two vehicles (Dkt. #2, Attachment A, 4:24-mj-00400-AGD-1, Sealed). Moreover, as the Government correctly points out, no items were seized from the subject vehicles, (Dkt. #3, 4:24-mj-00400-AGD-1, Sealed), and as such, any request to suppress that evidence is moot. Therefore, the search of Defendant's vehicles did not violate his constitutional rights.

Defendant next argues that "all statements made by the Defendant at the time of and subsequent to [his] arrest were products of his illegal arrest." (Dkt. #31 at p. 2). Defendant further argues that "[a]ny statement made by the Defendant was not freely nor voluntarily made but was given as a result of compulsion and/or persuasion." (Dkt. #31 at p. 2). Additionally, Defendant asserts that his statements were made "as a result of an interrogation that occurred when the Defendant did not have advice of counsel, after he had invoked his right to counsel," and in violation of his constitutional rights (Dkt. #31 at p. 3). Again, Defendant does not offer any

6

analysis, and instead cites to inapplicable caselaw (Dkt. #31 at pp. 2–3). In any event, prior to his arrest, it appears that Defendant voluntarily spoke to the agents at his residence and the police station. The Government alleges that, once at the police station, Defendant "joked and chatted" with the agents for nearly 20 minutes (Dkt. #28 at p. 3). The agents then advised Defendant of his *Miranda* rights, after which he acknowledged his understanding and agreed to continue speaking to the agents (Dkt. #38 at pp. 2–3). The Government further alleges that Defendant provided some information regarding his online activities, but told the agents that they had "crossed the line" when they inquired about the relevant conduct (Dkt. #38 at p. 3). The agents then ceased questioning and returned to Defendant's residence with Defendant (Dkt. #38 at p. 3). Defendant was permitted to move freely until the conclusion of the search, approximately two hours later, when Defendant was placed under arrest (Dkt. #38 at p. 3). Thus, it appears that Defendant voluntarily spoke to and traveled with the agents to the police station, and that once the agents began questioning Defendant at the police station, Defendant was administered and waived his *Miranda* rights.[1] *See Howes v. Fields*, 565 U.S. 499, 508–09 (2012). Accordingly, the Government's conduct with respect to Defendant's statements was constitutional.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the court recommends that Defendant Thomas Aquinas Vandeneover's Motion to Suppress Evidence (Dkt. #31) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate

---

[1] To the extent that Defendant also argues that "any alleged waivers by the Defendant of rights secured to him under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution were not valid because they were not voluntary and/or not a knowing and intelligent relinquishment of such rights[,]" there are no facts in the record to support such conclusion. Defendant's argument that he made statements after his arraignment without the presence of counsel (Dkt. #38 at p. 6) fails for the same reason.

judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 21st day of July, 2025.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE